United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Wellington Pires Do Nascimento, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 25-13402-NMG |
| Joseph McDonald et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the petition for writ of habeas corpus of petitioner Willington Pires Do Nascimento ("petitioner" or "Nascimento"). Petitioner claims that Joseph McDonald and other named respondents (collectively, "respondents") violated his rights under the Administrative Procedures Act ("APA") and the United States Constitution by refusing to grant him bond. Because he was afforded a bond hearing that comported with statutory and constitutional requirements, his petition will be denied.

I.   **Background**

   **A. Facts**

Petitioner is a 43-year-old citizen of Brazil and current resident of Salem, Massachusetts. He entered the country on a B2 visitor visa in 2015, and in 2016 adjusted his status to an

-1-

F1 Nonimmigrant spouse of an F1 Student Visa holder through his then-wife Cintia Perreira Ponciano.

Petitioner and his wife were divorced in September, 2022, and Ponciano moved for full custody of their three children in September, 2025. Shortly thereafter, Ponciano filed two complaints with the Salem Police Department alleging that petitioner was abusing their children and instructing them to put glass in Ponciano's food. Petitioner was arrested and charged with violating an Abuse Prevention Order, pursuant to M.G.L. c.209A, and solicitation to commit a crime.

In October, 2025, petitioner was summoned to a dangerousness hearing in Salem District Court, which then ordered his conditional release without bail. The court also imposed house arrest, GPS monitoring and a no contact order as to the alleged victims and witnesses. As petitioner left the police station, he was arrested by Immigration and Customs Enforcement ("ICE") agents and he has been detained since then at Plymouth County Corrections in Plymouth, Massachusetts.

**B. Procedural History**

On October 16, 2025, petitioner had a bond hearing at which the Department of Homeland Security ("DHS") presented evidence of Ponciano's police reports that led to his arrest. Petitioner presented evidence of the state court decision ordering

conditional release but the immigration judge found that petitioner was a danger to society and denied bond.

Petitioner reserved his right to appeal the adverse bond decision to the Board of Immigration Appeals which he did in a timely fashion.

## II.  **Petition for Writ of Habeas Corpus**

### A. Legal Standard

A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 permits a prisoner to challenge the administration of his detention rather than its validity. Dinkins v. Boncher, No. 21-CV-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022). The burden is on petitioner to show that his custody violates the Constitution or laws of the United States. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

Petitioner is incarcerated pursuant to 8 U.S.C. §1226(a), which allows detention of an alien pending a removal decision. Upon arrest, ICE may continue to detain the alien, who may challenge that decision at a bond hearing before an immigration judge. If denied bond, an alien may appeal the decision to the BIA.  The discretionary decision whether to grant bond is not subject to judicial review but constitutional challenges to detention may be brought under habeas review. Demore v. Kim, 538 U.S. 510, 517 (2003).

### B. Application

Petitioner bases his constitutional challenge on the assertion that the immigration judge relied upon untrustworthy police reports from Ponciano in denying his bond.  He also claims that the denial was arbitrary and capricious under the APA because the immigration judge refused to consider alternatives to detention.

Those arguments are unavailing.  As an initial matter, the Court is without authority to review the discretionary decision of an immigration judge with respect to a bond determination. Whether, and to what extent, evidence is to be deemed reliable is a decision for that tribunal and is unreviewable by the Court.

Further, petitioner has presented no evidence that the immigration judge denied his bond request without considering alternatives to detention.  To the contrary, petitioner contends that he presented to the immigration judge the Salem District Court's decision to release him under GPS monitoring.  It appears likely that the immigration judge considered and rejected taking a similar approach.  Such a decision was neither arbitrary nor capricious and the proceedings afforded to petitioner satisfied his right to due process.

## ORDER

For the forgoing reasons, the petition for writ of habeas corpus (Docket No. 1) of Nascimento is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: December 23, 2025